NELSON B. KILMER, for Appellant, v. THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

An appellant is simply bound to present his case to the General Term upon
the case as settled, and to this court upon the same record ; he is not
bound to print matter proposed by the respondent as an amendment to
the case but disallowed by the trial judge.

Plaintiff, the appellant herein, in his proposed case set forth portions of
certain tariffs and schedules, prepared and issued by defendant, which
were exhibits on the trial; the portions omitted were not referred to on
the trial, and in the opinion of the trial judge were not material.  Defend-
ant proposed as an amendment that the whole of the exhibits should be
inserted.  Said judge in settling the case disallowed the amendment,
but required plaintiff to paste the exhibits in the appeal-book, if copies
were furnished by defendant, or in lieu thereof that the original exhib-
its might be referred to on the argument.  Defendant furnished the
copies.  On motion by defendant that plaintiff be required to print the
exhibits as part of the return to this court plaintiff offered to attach
copies to the appeal-book, if furnished by defendant.  Held, that he
should not be required to do more ; that the order of the trial judge held
good until the final determination of the action.

It seems, that such a practice is not to be encouraged, but as the permis-
sion to bring in the exhibits was in favor of respondent he could not
complain.

(Argued January 15, 1884 ; decided January 22, 1884.)

THIS was a motion to compel appellant to print certain
papers, which were exhibits on the trial, as part of the return
to this court.

The facts are stated in the opinion.

*Frank Loomis* for motion.

*Charles B. Meyer* opposed.

DANFORTH, J.   The plaintiff failed to recover, and in the
case prepared for his appeal set out such portions of certain
exhibits as he thought material, and as had been referred to on
the trial.   The defendant proposed as an amendment that the
whole of the exhibits should be inserted.   The trial judge dis-

allowed the amendment, but in settling the case required the appellant to paste the exhibits in the appeal-book, if copies were furnished by the defendant, or in lieu thereof, directed that the original exhibits might be referred to on the argument by either party.   The defendant furnished copies for the General Term, and the decision of that court being appealed from, now moves that the plaintiff print those exhibits as part of the return to this court.   The plaintiff offered to attach them to the appeal-books if copies were furnished by the defendant.

He should not be required to do more.   The order of the trial judge holds good until the final determination of the case. The papers in question are shown to be printed tariffs and schedules, prepared and issued by the defendant, full of figures and matter, which, in the opinion of the trial judge, were not material upon the trial, and to which it is said no reference was made by the respondent in the court below.   The appellant was bound to present his case to the General Term upon the case as settled, and to this court upon the same record.   It appears that the return actually on file accords with this rule, and the appellant is under no obligation to print matter proposed by the respondent as an amendment, but disallowed by the trial judge.

No doubt there is a difficulty growing out of the fact that, while the trial judge refused to introduce the exhibits into the case, he allowed them to be referred to by either party on the argument of the appeal, and the record will not show whether any part was so referred to.   This practice might easily lead to embarrassment, and is not to be encouraged.   But in this case it is in favor of the respondent, and complaint by him is without merit.

The motion should, therefore, be denied, with $10 costs.
All concur.
Motion denied.